NEW-YORK,
Oct. 1815.

CANFIELD
v.
MONGER.

Where A. deli-
vers a note to
B to receive
the amount, and
apply it to the
payment of a
note from A. to
B., this is an
equitable as-
signment of the
note, and vests
an authority,
coupled with an
interest, in B.;
and B. will not
be guilty of a
conversion, by
refusing to deli-
ver the note to
A.

IN ERROR, on *certiorari* to a justice's court.

This was an action of *trover* for a note of about five dollars, drawn by one *Linsey,* payable to *Monger,* the plaintiff below, dated in the year 1811. The defendant pleaded not guilty ; and, upon the trial, it appeared that a note, of the description set out in the declaration, had been delivered to one *John E. Canfield,* to receive the amount of the drawer, and, when paid, to credit and endorse the amount on a note which *John E. Canfield* held against the plaintiff and one *Reuben Adams ;* that both these notes were afterwards in the possession of the defendant ; but how he came by them did not appear ; that the plaintiff demanded the note drawn by *Linsey,* which the defendant refused to deliver up ; that he then demanded that he should endorse it upon the plaintiff's note, which he also refused to do. At the trial, the defendant offered to give up the note to the plaintiff, but he refused to receive it. The justice gave judgment for the plaintiff.

*Per Curiam.* How the defendant below came into possession of the note in question, does not appear. But it is necessarily to be inferred, from the evidence, that he either received it by purchase from *John E. Canfield,* or, as his agent, to collect, and apply it in the same manner as *John E. Canfield* was authorized to do ; and the defendant must be considered as standing in the same situation, and clothed with the same rights, in relation to this note, as *John E. Canfield* was ; and the delivery of the note to him, with directions to receive and apply it towards payment of his own note, would amount to an equitable assignment of it, and vest in him an interest, which the plaintiff could not defeat at his

pleasure. (1 *Caines' Rep.* 363. 3 *Johns. Rep.* 71.) He had an authority coupled with an interest, (1 *Caines' Cas. in Error*, 15.) which the plaintiff could not devest him of, without paying the note upon which the one in question was to be applied. The defendant, therefore, had a right to retain the note, and was not guilty of a conversion, by refusing to deliver it up when demanded; and he ought not to have endorsed it on the other note, as requested, unless payment had been received of *Linsey*, or it had been lost in consequence of the defendant's negligence, of which there was no evidence. The judgment must, accordingly, be reversed.

*Judgment reversed.*