Curia, per Woodworth, J.
It appears, to be wéll settled,-that if á mail appoint several executors, "théy aré ésteéméd inláw as but onepersonrepresenting the testator; and that acts done by any one of them which relate to the delivery, gift, sale or releásé óf thé testator’s goods, aré deemed the acts of all. [1] Thus a term of years passés by the assignment of one ; [2] and if óne reléases á debt, it is good, and binds the rest. [3] (Bac. Abr. Executors and and Administrators, (D.) and thé cases théré cited.) It was therefore competent for the executor to assign the note; and such assignment was valid so fár as respected the general power of the executor, if it cannot be supported, it must be for some other cause.
The note was assigned as a collateral security, for the purpose of being collected and applied to the satisfaction of the judgment. The Gilberts had an authority coupled with an interest, which the executor could not divest them of, without paying the judgment to which the note was to be applied. [4] (Canfield v. Monger, 12 John. 346.)
In Prescott v. Hull, (17 John. 292,) the doctrine is laid down, that to defeat the attempt of the assignor to discharge the debt, it- must bé ávéred by thé replication, that the debt was ássignéd for a full and valuable consideration, *38 expressly avers the latter fact; and as to the consideration, -t wag to gecure anfi discharge the judgment as far as the note would produce that effect. It cannot be doubted that here is a good consideration to support the assignment. The Gilberts could not acquire an interest, if there was not a good consideration to rest on. The case of Canfield v. Monger, was this : A. delivered a note to B. to receive the amount and apply it to the payment of a note from A. to B. This was held to be an equitable assignment, and to .vest an authority and interest in B. and. that the suit is prosecuted for the benefit of th~ assignee. I think this has been done. The replication
If this view of the case be correct, the executor could not, by a subsequent release, affect the interest of the Gilberts. Such release, after the assignment and notice, was a nullity. (Littlefield v. Story, 3 John. 426.)
The demurrer to the replication is not well taken, and the plaintiff is, therefore, entitled to judgment.
Judgment for the plaintiff.

 Bogart v. Hertell, 4 Hill, 492. Murray v. Blatchford, 1 Wen. 583. Douglas v. Satterlee, 11 John. 16. Ex parte Rigby, 19 Ves. 462.

 Dyer, 23, b. in margine, Simpson v. Gutteridge, 1 Madd. 616. See Turner v. Hardey, 9 M. & W. 770.

 Anon. Dyer, 23, b. in margine, Jacomb v. Hartwbod, 2 Ves. Sen. 267. Where an action was brought by two out of four executors, and. the two executors who were not joined in the action, released the defendant, whd pleaded the release puis 'd&rrein continuance, the court óf exchequer refused to set aside the plea, the pláiritiffs having failed to make oút a casó bf fraud. Herbert et al. v. Pigott, 2 Cr. & M. 384; S. C. 4 Tyr. 285.

 Hunt v. Rausmanier’s administrators, 8 Wheat. 174. Mansfield v. Mansfield, 6 Conn. 559.