## MANN *vs.* LOCKE & a.

The testimony of either party may be received in a hearing before an auditor ; and where the testimony of a party is offered in connection with his book of accounts, he may be examined as a witness in chief, if the auditor so permits or directs.

A charge of damage in spoiling paper furnished the defendants for printing a newspaper for the plaintiff, cannot be recovered in an action of *indebitatus assumpsit*.

The admissions of a partner, made after a dissolution of the partnership, is competent evidence against the firm, as to any contract made prior to such dissolution.

INDEBITATUS ASSUMPSIT, on account annexed.

The account was submitted to an auditor, and the action was transferred to this court for the decision of questions raised in the auditor's report.

The defendants are described in the writ as Edwin R. Locke and John F. C. Hayes, formerly partners under the name and firm of Edwin R. Locke & Co. Suit was brought against the firm, but Hayes being without the government no service was made upon him. It was proved that the name of Hayes, the partner of said firm, was *Jonathan* F. C. Hayes, and not *John*, although it appeared that he used to be called so occasionally when an apprentice.

The first charge was proved by the plaintiff's book to have been made to Edwin R. Locke ; but the plaintiff, who was

Mann *v.* Locke.

admitted to testify before the auditor, stated that the article charged was for the firm, and was so delivered.

The oath of the party to sustain such a charge was objected to.

Another charge in the account was for a certain quantity of paper, charged as spoiled by the defendants in working off a number of a newspaper published by the plaintiff. This was objected to, as not being a proper item of charge.

The plaintiff then introduced the written statement of Hayes, the former partner of the defendant; which was objected to, on the ground that he was not a party to this suit, and also that it was a confession made after a dissolution of the partnership. The admissions of Hayes sustained most of the items of the account, and the auditor finds them in favor of the plaintiff, provided the testimony of Hayes was admissible.

*Sawyer*, for the plaintiff.

*Christie*, for the defendants.

UPHAM, J. There was evidence in this case tending to show that Hayes, the defendant, was known by the name given him in the writ, as well as by what appears now to have been his true name. This evidence it was competent for the auditor to consider; and as he has found for the plaintiff, notwithstanding the exception, he must be regarded as being in his view sufficiently known by the name given in the declaration to justify a recovery against him under such description. The auditor's report is conclusive on this point, until invalidated by other testimony.

Various items in the plaintiff's account have been objected to, as appears by the auditor's report; and questions of law arising on the same are submitted to the court for their determination. The first item objected to is the charge made on the plaintiff's book against Locke alone, and not against

the firm. The plaintiff's books were presented, and the plaintiff was admitted as a witness to explain this item on the books, and to testify that the article charged was for the firm, and was so delivered. It is clear in such case that the book could be no part of the evidence. The whole testimony is derived from the oath of the party; and, as on a hearing before an auditor the testimony of the party is admissible, in the discretion of the auditor, it was properly received in this instance.

A second exception is, that the charge in the account, for a certain quantity of paper spoiled in printing certain numbers of the Monitor, a weekly paper, for the plaintiff, is not a proper matter of charge.

This exception we think is well taken. It has been suggested that the paper named was converted by the defendants to their use, and that the plaintiff may waive the tort and claim the value in assumpsit. But the whole extent of the doctrine of waiving a tort and bringing assumpsit, is, where the individual liable in trespass or trover has sold the goods unlawfully taken or detained, and received the money for them, when the owner may elect to affirm such sale, and maintain an action of money had and received for the proceeds. 1 *N. H. Rep.* 151, *Chauncey* vs. *Yeaton;* 2 *Ditto* 462, *Webber* vs. *Aldrich;* 5 *Greenl.* 323, *Webster* vs. *Drinkwater;* 4 *Binn.* 274, *Bank of North America* vs. *McCall;* 3 *Pick.* 285, *Jones* vs. *Hoar;* 12 *Ditto* 120, *Gilmore* vs. *Wilbur;* 3 *Greenl.* 458, *Foster* vs. *Tucker.*

If assumpsit could be sustained on this item of charge, it might be in every instance of bailment, where property was delivered for hire or for labor to be expended thereon, and the property was destroyed or injured through inexperience, negligence or malice. Courts have already gone to the utmost extent of the rule in this direction, and the tendency of any farther advance would be almost entirely to annihilate the distinction betwixt different forms of action. This item cannot be recovered in an action of *indebitatus assumpsit.*

Mann *v.* Locke.

A farther exception taken in this case is, to the admission of the written statement of Hayes, a partner in the firm, on the ground that the confession made by him was after a dissolution of the partnership. The authorities on this point are conflicting to some extent. In New-York it may be regarded as well settled that the acknowledgment of a debt after a dissolution will not bind the other partners. 2 *Johns.* 300, *Lansing* vs. *Gaine & a.*; 3 *Ditto* 536, *Hackley* vs. *Patrick*; 15 *Ditto* 409, *Holden* vs. *Sherburne*; 9 *Cowen* 420, *Baker* vs. *Stackpole.* See, also, 2 *Conn.* 665, *Story* vs. *Barrel & a.*

On the other hand are the English authorities and the authorities in Massachusetts and Maine, and the decision of Mr. Justice Story; with the single exception, that after the dissolution of a partnership, one partner cannot, by his sole act, revive against the other partners a claim barred by the statute of limitations, on the ground of its being a new contract, and that the partner cannot by a new promise on his part remove the bar created by the statute, so as to affect his former partners. 1 *Taunt.* 103, *Wood & al.* vs. *Braddick*; 4 *Dowl. & Ry.* 7, *Lacy* vs. *McNeile*; *Gow on Partnership* 80 & 214; 17 *Mass.* 222, *Martin* vs. *Root*; 2 *Pick.* 518, *Hunt* vs. *Brigham*; 3 *Ditto* 291, *White* vs. *Hale*; 5 *Ditto* 414, *Tuttle* vs. *Cooper*; 9 *Ditto* 42, *Hathaway* vs. *Haskell*; 11 *Ditto* 400, *Cady* vs. *Sheperd*; 6 *Greenl.* 41, *Parker* vs. *Merrill & a.*; 1 *Gall.* 635, *Van Reimsdyk* vs. *Kane.*

The authorities in New York, and the grounds on which they proceed, are fully examined and maturely considered in 11 *Pick. &* 6 *Greenl.*, above cited; and the court, in those cases are clearly of opinion that the rule laid down in *Wood* vs. *Braddick,* 1 *Taunt.* 103, is the better rule, and one necessarily resulting from the relation of partners.

The dissolution of partnership does not discharge the partners from their liability on contracts made during the continuance of the partnership; all must be sued. "The partner-

ship is not dissolved as to things past, but only as to those future." Besides, the dissolution of the partnership cannot prejudice those contracting with the firm. The admission of either partner, while the partnership exists, will bind the firm, and it cannot be in the power of the firm by a mere dissolution, which either partner may ordinarily effect at any moment, to deprive those dealing with them of the benefit of any confessions, declarations, or statements of a partner in relation to such contract. His contract is made with them in full faith that he is at all times entitled to the honest relation of either partner as to the truth of the transaction; and a mere subsequent arrangement betwixt the partners, made without his consent, ought not, and in our opinion does not legally, deprive him of the benefit of such admissions. The partner can at no time be presumed to make untrue admissions or confessions against the firm, as these confessions operate against himself equally with the other partners. The rule and its effects in this respect, as regards the partners and all persons dealing with the firm, is precisely the same after dissolution of the partnership as before, and no greater prejudice can result from it, or if so it cannot rightfully be prevented by the partners, in justice to those originally contracting with them. To such persons, until their contract is entirely at an end, they are and ever must be, in the eye of the law, regarded and held in all respects as still a firm, with the single exception, that no partner, after dissolution, can take a claim out of the statute of limitations, so as to bind the other partners.

For these reasons we believe that the authorities last referred to sustain the correct doctrine upon this point, and that the reception of the admissions of the partner in this instance by the auditor, as evidence notwithstanding the previous dissolution of the partnership, was correct.

The charge for damage to paper was allowed by the auditor. To rectify this error and to enable the auditor to report in full, according to the views of the court, as now declared, the case will be again submitted to him.

*Case transferred and report recommitted.*