SAMUEL B. DENNIS *vs.* FRANCIS TWITCHELL & Trustee.

Under the Rev. Sts. *c.* 109, a person who claims, by force of an assignment, the effects
    or credits in the hands of one who is summoned as trustee, may appear and maintain
    his right, although the party so summoned makes no mention of the assignment in
    his answer.

The delivery, by a lessor to a third person, of a lease in which rent is reserved, to
    enable such person to receive the rent towards payment of a debt due to him from
    the 'essor, and the agreement of the lessee, on receiving notice of such delivery and
    the purpose thereof, to account to such person for the rent, constitute an equitable
    assignment of the rent, so that the lessee is not liable therefor, on the trustee pro-
    cess, to another creditor of the lessor.

THIS action was commenced in December 1843. The
principal defendant was defaulted, and Edmund H. Hough-
ton, who was summoned as trustee, made an answer, in
which he stated that, from August 1st 1841 to April 1st
1843, he occupied certain premises leased to him by the
principal defendant, and that the rent thereof, which was
reserved in the lease, remained unpaid at the time of the
service of the writ upon him, except $50 and a small sum
expended by him in repairs. The answer disclosed no as-
signment of the rent, nor any notice of such assignment.

By leave of the court of common pleas, David J. Foster
appeared and claimed said unpaid rent, according to the pro-
visions of the Rev. Sts. *c.* 109, § 17, by virtue of an assign-
ment of the lease by Twitchell, the principal defendant, to
A. Brooks, jr. (as hereinafter stated,) and by said Brooks to
said Foster, by a separate paper of the following tenor:
" I hereby sell and transfer to David J. Foster, the lease be-
tween Francis Twitchell, jr. and Edmund Houghton. Aaron
Brooks, jr." To support this claim, Foster gave evidence
of the following facts :

In February 1839, the defendant Twitchell mortgaged
certain premises to B. L. Hull, to secure a sum of money
which he then owed Hull. In February 1841, the mort-
gage was duly assigned to A. Brooks, jr. and is still in full
force. Twitchell continued to control the mortgaged prem-
ises, and on the 6th of April 1841 he demised them, by

lease under seal, to said Houghton, for a term commencing August 1st 1841, and ending April 1st 1843, at the rent of $186·67, payable as follows, viz. $100 on the 1st of May 1841, and the residue at the end of the term. Fifty dollars only, of the amount that fell due in May, were paid.

The said Brooks brought a writ of entry against Twitchell, on the 15th of July 1842, and recovered judgment for possession of said mortgaged premises in August 1842; but no writ of *habere facias* was sued out till after the expiration of said Houghton's term.

In January 1843, said Brooks called upon Twitchell, for payment of the mortgage debt, who thereupon passed said lease into Brooks's hands, telling him that the sum of $50 was due on it, which he might have, and that he might have the residue when it should become due. Brooks gave notice of this fact to Houghton, before the expiration of his term, and Houghton thereupon stated that he had "no objection to becoming accountable to Brooks for what remained, as it should become due."

At the time when the said lease to Houghton was executed, he knew that Brooks held the mortgage of the premises demised.

*Merrick*, J. before whom the trial was had, ruled " that such parol assignment of the lease, with notice to Houghton, would not constitute such a transfer of the rent to Brooks, as to enable said Foster, claiming under Brooks, to hold it against the plaintiff in this suit." A verdict was taken for the plaintiff, and said Foster alleged exceptions.

*N. Wood*, for Foster. By the Rev. Sts. *c.* 109, § 17, if effects in the hands of a supposed trustee are claimed by any other person, by force of an assignment from the principal debtor, the court may permit such claimant to appear and maintain his right. Under this provision, Foster was rightly admitted to appear.

The assignment of the rent, being in part payment of the mortgage debt, was on a valid consideration. It was also, in form, sufficient to transfer the right to the rent. Co. Lit.

Dennis *v.* Twitchell & Trustee.

232 *b.* *Green* v. *Hart*, 1 Johns. 580. It was a good equitable assignment. The expression, by Houghton, of his willingness to pay to the assignee, was tantamount to a promise to pay to him. *Pope* v. *Biggs*, 9 Barn. & Cres. 245. And a promise, by a lessee, to pay to the assignee, is binding, and would support an action directly against him on his promise. See *Perkins* v. *Parker*, 1 Mass. 117. *Andrews* v. *Herring*, 5 Mass. 210. *Crocker* v. *Whitney*, 10 Mass. 316. *Mowry* v. *Todd*, 12 Mass. 281. *Jones* v. *Witter*, 13 Mass. 304. *Dunn* v. *Snell*, 15 Mass. 481. *Canfield* v. *Monger*, 12 Johns. 346. *Dawson* v. *Coles*, 16 Johns. 51. *Prescott* v. *Hull*, 17 Johns. 284. *Briggs* v. *Dorr*, 19 Johns. 95. The sufficiency of Brooks's transfer to Foster does not come in question on these exceptions.

*W. A. Bryant*, for the plaintiff. As no mention of the assignment was made in Houghton's answer, Foster was not entitled to come in and maintain a claim under it. *Foster* v. *Sinkler*, 4 Mass. 450. *Wood* v. *Partridge*, 11 Mass. 488.

A covenant to pay rent cannot be assigned by a mere delivery; at least, not so as to enable the assignee to transfer it in the same way to a third party. Sewall J. says, in 1 Mass. 123, "the requisites of a lawful assignment are, as I think, a delivery of the evidence of the demand with a deed of it to the assignee, creating in him a full authority for the collection of it." And in 4 Mass. *ubi sup.* it is said that a *legal* assignment must be shown, in order to discharge a person summoned as trustee. In 11 Mass. *ubi sup.* it was said to have been uniformly held, that an assignment of a sealed instrument must be by deed. And in *Mowry* v. *Todd*, and *Dunn* v. *Snell*, cited on the other side, the court said that assignments like that in the case at bar are of questionable validity, as against the creditors of the assignor, when they summon the original debtor as his trustee.

When a mortgagor in possession makes a lease, the mortgagee cannot, by giving notice to the lessee, and demanding payment of the rent, oblige the lessee to pay the rent to him. *Evans* v. *Elliott.* 9 Adolph. & Ellis, 342.

HUBBARD, J. It is contended by the plaintiff, that the trustee discloses no assignment of the lease of Twitchell; that the lease, being under seal, cannot be assigned, except by an instrument of like character; and that the delivery, in this case, was nothing but a bare authority to collect the rent; and he relies on the cases of *Foster* v. *Sinkler*, 4 Mass. 450, and *Wood* v. *Partridge*, 11 Mass. 488, to support his positions.

As to the first objection, it was, as the plaintiff argues, formerly held that, unless the trustee disclosed the assignment in his answer, the assignee could not avail himself of his assignment. But the law is now altered by the revised statutes, for the purpose of enabling an assignee to come in and enforce his rights. Rev. Sts. *c.* 109, § 15. This section provides that, while the answer of the trustee shall be considered as true in deciding how far he is chargeable, yet that "either party may allege and prove any other facts, not stated nor denied by the supposed trustee, that may be material in deciding that question." And § 17 provides that "if it shall appear that any goods, effects or credits, in the hands of any supposed trustee, are claimed by any other person, by force of an assignment from the principal defendant, or otherwise, the court may permit such claimant to appear," &c. This section was a revision of *St.* 1817, *c.* 148, § 1, which enacted "that, when any person summoned as a trustee of any debtor shall, *in his answer*, disclose an assignment to another," &c. And the object of the alteration, in omitting the words "in his answer," was to enlarge the rights of the parties, and to authorize the proof of facts not within the knowledge of the trustee, as appears by the notes of the commissioners to § 15 of *c.* 109, in which they refer to the decisions in the cases above cited, as showing the necessity of an alteration in the law. This objection, therefore, cannot avail the plaintiff.

As it regards a *legal* assignment of the claim in question, the authorities cited by the plaintiff's counsel are in point. But this court have long since recognized the doctrine of

*equitable* assignments, where there has been a transfer of a chose in action for a valuable consideration, and a promise by the debtor to pay to the holder, upon knowledge of the transfer. The leading case is *Mowry* v. *Todd*, 12 Mass. 281, in which the court held that where a written contract, signed by the defendant in favor of a third person, was delivered by such third person to the plaintiff for a valuable consideration, with a knowledge of the fact on the part of the defendant, and a promise by him to pay the holder, an action might be maintained by the plaintiff, in his own name, founded on such transfer and the promise of the debtor to pay him ; the court considering it the substitution of one creditor for another, by the consent of the creditor and the debtor. This was followed by the case of *Jones* v. *Witter*, 13 Mass. 304, where the court held that the assignment might as well be proved by witnesses, as by the name of the payee on the back of the paper; and that the assignment was executed by the delivery of the contract. The case of *Dunn* v. *Snell*, 15 Mass. 481, was that of a valuable consideration paid for a judgment, and an agreement to assign the same, but of which no written transfer was in fact made ; and it was held that there was an equitable interest vested in the creditor, which the court would protect. See also *Crocker* v. *Whitney*, 10 Mass. 316. Similar decisions have been made in the State of New York. See *Canfield* v. *Monger*, 12 Johns. 346. *Dawson* v. *Coles*, 16 Johns. 51. *Briggs* v. *Dorr*, 19 Johns. 95.

In view of these decisions, we are of opinion that the delivery to Brooks of the lease, on which rent was due, to enable him to receive the same in part payment of a debt due to him, with the knowledge of the lessee of its delivery for that purpose, and an agreement on his part to account to Brooks for the rent remaining due on the lease, was a good equitable assignment of the rent, and that the same is not subject to the trustee process of the plaintiff, as the property of Twitchell. In this decision, we have no reference to any supposed right of Brooks, as assignee of the mortgage, to

claim the rent. We now view him and the party claiming under him only in the light of an equitable assignee.

The exceptions are sustained, the verdict is set aside, and a new trial is to be had at the bar of this court.