## PAGE *v.* BABBIT.

In assumpsit on an account annexed to the plaintiff's writ, he cannot recover for damage done on his land by the defendant's cattle; nor for a ladder taken without leave, and broken, though the plaintiff prove on trial a promise by the defendant to pay the damage.

ASSUMPSIT on an account annexed. Two of the items of account were as follows: " 1846. July 7. To damage done by your cattle in my mowing-field, $3.00; to one ladder, taken without leave, and broken, $1.50."

The plaintiff, on trial, introduced evidence that the defendant's cattle broke into the plaintiff's mowing at various times and did damage there ; that afterwards the defendant promised to pay him the damage his cattle had done, without fixing any sum to be paid, or designating the particular injuries, for which the damages were to be paid.

The defendant objected that the evidence was not sufficient to maintain an action of assumpsit; and that, if such action could

be maintained, it must be upon a special count, and not on the general count adopted in this case.

But the court ruled, that the plaintiff might recover upon this item.

The plaintiff proved that the defendant took his ladder without leave, and broke it; but it appeared that he repaired the ladder and returned it. The plaintiff then proved that the defendant promised to pay him the damage.

The defendant objected that there is a variance between the plaintiff's evidence and the cause of action set forth in the second item above stated of the plaintiff's account; that his evidence was not sufficient to maintain an action of assumpsit; and that, if it were sufficient, the count should be special.

But the court ruled that the plaintiff might recover upon this item.

The jury found a verdict for the plaintiff, which the defendant moved to set aside on account of the rulings aforesaid.

*Lane,* for the defendant:

*Chamberlain,* for the plaintiff, cited *Felton* v. *Dickinson,* 10 Mass. 287; *Baker* v. *Carey et al.* 19 Pick. 496.

PERLEY, J. The practice of declaring in general *indebitatus assumpsit,* and referring to an account or schedule annexed for a statement of the debt or debts, which form the consideration of the defendant's undertaking, has been used immemorially in this, and some other States. It was recognized in this State as early as 1791 by the statute, which required that the summons left with a defendant, whose goods were attached, should contain a statement of the amount of the account annexed to the plaintiff's writ. Within the proper limits, it is a convenient mode of declaring for both parties. Where the plaintiff has several demands of different natures, which may all be recovered in general *indebitatus assumpsit,* as for goods sold, work and labor, rent of land, &c., it relieves him from the necessity of declaring in more than one count, and it furnishes the defendant, in advance, with a specifi-

cation of the particular claims made against him. It can be used, however, only where the other forms of general *indebitatus assumpsit* would lie. The allegation of the declaration is, that the defendant *was indebted* to the plaintiff in a certain sum, according to the account annexed; and the promise is averred to have been made in consideration of the debt, as in other cases of general *indebitatus assumpsit*. The items of charge must, therefore, be such as could be recovered in debt, or in some of the different forms of general *indebitatus assumpsit*. An unliquidated claim for the breach of a special contract, cannot be recovered as a charge in an account annexed to the plaintiff's writ. *Mann* v. *Locke et al.* 11 N. H. Rep. 246. And unliquidated damages for a trespass cannot be recovered in this, or any form, of assumpsit.

As to the first of the charges in question. "To damage done by your cattle in my mowing-field," it must be taken on the face of the account to be a claim for damage done by a trespass of the defendant's cattle on the plaintiff's land. There is no allegation or statement in the account, or in the declaration, that the amount of damage had been in any way adjusted, or that the defendant had made any special undertaking to pay. The charge goes on the ground that the trespass having been committed, the law implies a promise to pay the unliquidated damage. No special promise is relied on or set out. Without the special promise proved on trial, it is quite clear that the plaintiff could not recover this item; and that promise is not declared on or stated in the account annexed. There is nothing in the account or the declaration, from which it could be inferred or suspected, that the plaintiff meant to rely on such a promise; and, therefore, the evidence of the promise was a variance from the declaration. If the account is to be regarded as a specification of a general demand made in the declaration, it cannot be held to give any notice of a claim to be made on a promise of the plaintiff, such as was proved in this case.

Nor are we able to see how the plaintiff could relieve himself by varying the form of his charge. The rule of pleading, which allows a plaintiff to recover in general *indebitatus assumpsit*, what

is due according to a special contract, that has been performed, is well established, but would seem to have no application to this case. This charge in the account must be such as could be recovered, if declared on separately, in some form of *indebitatus assumpsit*. No one of those forms occurs to us, under which this charge could be recovered. There was no account stated; no liquidation of any sum to be paid in satisfaction of damages; the defendant occupied no land of the plaintiff by his consent, express or implied. We are of opinion that the charge for damage done by the defendant's cattle, on the evidence reported in this case of a promise by the defendant to pay, without liquidating the amount, could not be made in any form of statement, a proper charge to be recovered in assumpsit on an account annexed.

It is not necessary for the decision of this case to determine whether assumpsit in any form could be maintained on the evidence stated. It would be difficult, however, we think, to frame any special declaration according to these facts, that would show a legal consideration for the defendant's promise. There was no liquidation of the amount to be paid, no acceptance of the defendant's promise by the plaintiff in discharge of the trespass; nothing that in law would amount to an accord; nothing that the defendant could plead in bar to an action of trespass for the original injury.

The charge for the ladder is liable substantially to the same objections. The original taking was a trespass. It was broken, and repaired before it was returned. The defendant's promise was to pay the damage, without fixing the amount. The verdict must be set aside, unless the plaintiff will remit the amount of these two charges.