# STRAFFORD.

## JULY TERM, 1851.

## DEMERITT *v.* MILES.

22 523
74 99

A party who makes oath to a mortgage under the statute, that it was intended to secure the debt therein specified, and for no other purpose, is not thereby estopped from proving that it was intended to delay or defraud creditors.

For the purpose of showing that a mortgage was intended to delay or defraud creditors, and that the mortgagee was not in a situation to lend money, evidence that fifteen months before the date of the mortgage he sold property at a low rate, and stated that he was pressed for money, is not too remote to be admissible.

Where it was alleged that a mortgage was made to delay or defraud creditors, and it appeared that the mortgagee showed no anxiety as to the disposition the mortgagor might make of the property, as a reason for such indifference evidence was offered that the year previous the mortgagor's father had died, leaving a valuable farm to him, which he had disposed of, in part, without objection from the mortgagee. But as it was not shown that this inheritance was known to the mortgagee prior to this suit, the evidence was held to be inadmissible.

ASSUMPSIT. The declaration alleges, that the defendant, on the 25th of October, 1844, by his note of that date, for value received, promised J. Y. Demeritt, then living, to pay him, or his order, $150, on demand, with interest, &c.

On the general issue, the execution of the note declared on, was admitted.

In his defence, the defendant introduced evidence designed and tending to show that the note was without any consideration, and was given for the purpose of preventing the creditors of Miles from attaching and wasting his property in costs, until he

could sell and dispose of the same, and pay his creditors, without sacrifice; and so was fraudulent and void: that in the fall of 1844 the live stock of Miles, or most of it, and his hay, were attached in several actions against him, and Miles applied to and procured the intestate, J. Y. Demeritt, to receipt to the Sheriff for the stock, the hay being attached by a copy left with the town clerk, and gave him a mortgage to indemnify him against this receipt. This mortgage was written by Mr. Hurd, the sheriff, and the parties were sworn by him to its validity. The condition of this mortgage was, "If said Miles shall save said Demeritt harmless for signing a receipt to E. Hurd, for said property," the deed to be void ; and the parties made oath, that " this mortgage is made to secure the within Demeritt, and for no other cause, for signing the within named receipt ; " that on the same day, Miles made to Demeritt the note in controversy, and a mortgage of the hay, stock and other property to secure the same ; the mortgage being completed and put on record some two hours later than the other mortgage. The condition of this mortgage was, " If Miles pay to Demeritt $150, with interest, on Dec. 1, 1845, the deed and note of even date for $150, to be void," and the oath taken by the parties was, " that the mortgage is made to secure the debt or demand specified in the condition thereof, and for no other purpose."

The plaintiff objected, that, after the party had made oath to the validity of the debt and mortgage, he was estopped from alleging his own turpitude and fraud, and ought not to be permitted to offer testimony to invalidate them.

But the Court held, that the defendant may show that the note and mortgage on which he is sued, were made to defeat or delay creditors, and were therefore void; and that the oath made upon the mortgage did not deprive the party of that right.

The defendant offered evidence, that fifteen months before this note was dated, the intestate Demeritt was in want of money, and sold a yoke of oxen at a low price for the purpose of raising it, saying at the same time, " I have hard work to make the two ends of the year meet. I have not much of anything due me ; if you want to buy the oxen I'll sell them right, for I am pressed for money and want to sell them."

The object of the evidence was to satisfy the jury, that he was not, at the date of the note, in a situation to lend such an amount. It was objected, that this evidence ought not to be received, because it applied to a period too remote from the date of the note ; but the Court admitted it.

The plaintiff offered in evidence the will of Reuben Miles, father of the defendant, (who, it appeared, was a man of large property, and aged about seventy-five years, and who died in June, 1845,) dated in 1841, giving a valuable farm to the defendant, as showing a reason why Demeritt was not anxious as to the disposition Miles might make of the property mortgaged to him, there having been evidence offered by the defendant, that Miles had disposed of a valuable part of the mortgaged property, and Demeritt, though aware of it, had not objected. But the Court held the will inadmissible for this purpose, unless it was shown, that the will. and its contents were known to Demeritt.

To the several rulings of the Court the plaintiff excepted.

The jury found a verdict for the defendant, which the plaintiff moved to set aside, and for a new trial, on account of said exceptions.

*Richardson* and *Wells*, for the plaintiff.

If declarations have been made under such circumstances as to make a denial of the truth inconsistent with good faith and honest conduct, the declarations should be held conclusive. *Tufts* v. *Hayes*, 5 N. H. Rep. 454 ; *Davis* v. *Sanders*, 11 N. H. Rep. 250 ; *Roby* v. *West*, 4 N. H. Rep. 285.

The law will not permit one who has, in a solemn manner, admitted a matter to be true, to allege it to be false. *Campbell* v. *Knights*, 24 Maine, 334.

In *Churchill* v. *Suter*, 4 Mass. 161, *Parsons*, C: J., says : " In civil causes the plaintiff should not be permitted to show any illegality in his own conduct to maintain his action, neither shall the defendant, in his defence, allege his own wrong." Miles put in the mortgage, in which he swears that it was made to secure the debt or demand specified in the condition thereof,

and for no other purpose, and then offers to show that the note and mortgage were fraudulent and the oath false.

A party cannot rescind his own act on the ground of fraud. 9 B. & Cress. 532.

A conveyance is binding as to a party, though cancelled for fraud on one not a party. 2 Starkie Ev. 357.

Where a person makes a fraudulent conveyance and dies, his administrator is bound by the conveyance. *Osborne* v. *Moss*, 7 Johns. 161; Bull, N. P. 258, and cases cited. Administrator of A, cannot set up the statute of 13 Eliz. chap. 5, which avoids all fraudulent gifts, &c., to delay or defraud creditors, he alleging that such conveyance was to defraud creditors. Same principle in a similar case, *Hawes* v. *Loader*, Yelverton, 196; Roberts on Fraudulent Conveyances, 646, 647.

The only cases where the consideration of a promissory note, expressed for value received, can be inquired into and defeated between the immediate parties, are where the consideration has failed, or rested in mistake or misapprehension, or illegal inception, as a gambling note. 18 Com. Law Rep. 196.

The case of *Davis* v. *Sanders*, 11 N. H. Rep. 250, was where the admission was made at the plaintiff's request, which makes an entirely different case from this.

Demeritt's declaration, made fifteen months before the note, was too remote to base any fair presumption upon.

*Christie* and *Kingman*, for the defendant.

GILCHRIST, C. J. In this case the verdict for the defendant has established the fact that the note in suit was given for the purpose of delaying the creditors of the defendant. Of this fact both the defendant and the plaintiff's intestate were conusant. If the intestate could not have alleged that the defendant was estopped, the administrator cannot; as he is privy in law to the intestate.

Could the intestate have recovered the note? He could not have said that he was misled, or that he was induced to alter his position in any way, by the fact that the note was without

consideration.　He would have sought to recover that as a debt which was not a debt, and for which he had given the defendant no value.　He would have sought to make that substance which, as to him, was merely form.　Although both parties were in the wrong when they entered into this arrangement, why should the plaintiff reap the benefit of it, at the expense of the defendant? The defence does the plaintiff no wrong.　It deprives him of no debt, for none was owed him.　The admission of value received contained in the note, was not made independently and because it was true, but was merely conventional, entered into between the parties from other causes than a conviction of its truth, and was only a convenient assumption for the particular purpose on hand.　Greenl. Ev. 237.　There is nothing unconscientious or against honest dealing in setting up this defence against the plaintiff.　The case of *Davis* v. *Sanders*, 11 N. H. Rep. 250, is an authority for this course of reasoning.　There is no breach of good faith in setting up the illegality.　*Tufts* v. *Hayes*, 5 N. H. Rep. 432.

How does the admission of this defence differ in principle from the admission of the defence of illegality to a note made and delivered on Sunday?　There the defendant alleges his own wrong as a defence; but the maxim applies, *in pari delicto*, &c.

The general rule is, that, as between the parties, the consideration of the promise may be inquired into.　In *Waite* v. *Harper*, 2 Johns. 386, in assumpsit, the defendant proved that the promise was made in consideration that the plaintiff would not oppose the defendant's discharge under the insolvent act.　And it was held, that the consideration for the promise was illegal, and was founded in fraud, being made for the purpose of stifling a due scrutiny into the claim of the defendant to a discharge under the insolvent act; and the judgment for the plaintiff was reversed. In *Case* v. *Gerrish*, 15 Pick. 49, the defendant gave the plaintiff his note to induce him to become a party to his assignment, and the parties agreed that the plaintiff should have this note for the balance, which the property assigned should be insufficient to pay.　It was held that evidence of such facts was admissible

and showed the note to be fraudulent and void.   See also, to the same effect, *Cockshott* v. *Bennet*, 2 Term. Rep. 163 ; *Wiggin* v. *Bush*, 12 Johns. 346.

The oath made upon the mortgage by both parties can have no effect in depriving the defendant of his defence.   The parties merely added perjury to fraud.

The evidence that fifteen months before, Demeritt was pressed for money, and was not in a situation to lend it, was proper.   It had some tendency to show that, at the date of the note, he had not such a sum to lend.

The defendant says, that though the property was mortgaged to Demeritt, he (the defendant) had disposed of some of it, and that Demeritt had not objected.   To this the plaintiff answers, that the defendant inherited a valuable farm from his father in June, 1845, subsequent to the date of the note, and therefore he was not anxious.   But this inheritance would not explain his indifference unless he knew of it, which does not appear, and therefore the ruling was right.

*Judgment on the verdict.*