## TAPPAN *v.* KIMBALL & *a.*

A partial payment by a partner, after the dissolution of the firm, prevents the bar of the statute of limitations, provided the creditor have no notice of the dissolution.

ASSUMPSIT, on two promissory notes of Kimball and Paige to the plaintiff, one dated Jan. 20th, 1838, for $100, the other March 15th, 1838, for same amount, both payable on demand, with interest annually. Writ dated Dec. 17th, 1849. On the first note is indorsed, 1840, Jan. 20th, received two years interest, to date; 1844, Jan. 20th, received four years interest, to date; and 1846, Aug. 22d, $25. On the second note, 1844, March 13th, $25; 1844, June 21st, $40; 1845, July 26th, $46; 1845, July 28th, $4; and 1845, Dec. 6th, $20.

Paige pleaded, in defence, the statute of limitation, to which the plaintiff replied a new promise within six years. Kimball was defaulted, and it was agreed that the case be submitted to the decision of this court, upon the following statement of facts, judgment to be rendered as the court shall thereupon order.

At the time said notes were given, said Kimball and Paige were partners together in business, under the firm of Kimball & Paige, that being the signature to said notes. In March, 1839, said partnership was dissolved, said Kim-

ball giving said Paige a bond of indemity against all the debts of said firm, which said Kimball agreed to pay; but no public notice of said dissolution was advertised. The indorsements on the notes were paid by said Kimball, and said Paige has made no recognition of said notes, or either of them, and no promise to pay at any time since the dissolution of the partnership, unless such recognition, promise or liability legally results from the facts in the case as above stated.

*M. W. Tappan*, for the plaintiff.

The question presented for decision is, whether, under the circumstances of this case, the partial payment made by Kimball, after the dissolution of the partnership, will take the case out of the operation of the statute of limitations.

I. It seems to be well settled, although there are some conflicting authorities, that the admissions of one partner, made after a dissolution of the partnership, is competent evidence against the firm, as to any contract made prior to such dissolution. *Mann* v. *Locke*, 11 N. H. Rep. 246, and various authorities there cited; 1 Greenl. Ev., § 174, and note 3.

The power of one partner, by an acknowledgment of the debt, after a dissolution, to take the case out of the statute, as to the others, is referred to in *Mann* v. *Locke*, as an exception to the above rule.

But that case did not require the decision of that question, and the court do not undertake to decide it, nor do the authorities referred to by the court, to support the general doctrine decided in that case, seem to support the exception referred to.

As we understand it, the question of the power of one partner to take a case out of the statute, is an open one in this State.

In some respects, this question as to partners would seem to stand upon a different footing from that of other joint

debtors. And an acknowledgment by one co-partner of a partnership debt, would not seem to be within the mischief adverted to by Lord *Ellenborough*, in *Brandon* v. *Wharton*, 1 Barn. & Ald. 463, and in *Exeter Bank* v. *Sullivan*, 6 N. H. Rep., of a payment by one of several joint debtors, who might have lost the evidence of such payment, and therefore made liable by the promise of another, to whom the payment was not known.

The nature of partnership transactions, the fact that all the partners are in intimate connection with their business, makes a debt from the firm nearly the same as though it was due but from one person. And it could hardly seem probable that a debt could be paid by one co-partner, without a knowledge of it by the other.

The case of *Bell* v. *Morrison*, 1 Peters 371, is considerably relied upon in support of the doctrine that the acknowledgment of one partner is not sufficient to take a case out of the statute of limitations. But in that case, the court were not unanimous in their opinion, and it was principally decided in reference to the local decisions of Kentucky, though Judge *Story* goes into general considerations in support of the doctrine, taking the ground that an admission or acknowledgment, after a debt is barred by the statute, constituted a new contract, and therefore not sufficient, when made by one partner, against his co-partners, after dissolution. *Cady* v. *Shepherd*, 11 Pick. 400; *Vinal* v. *Burrill*, 16 Pick. 401; *Bridge* v. *Gray*, 14 Pick. 61; *Sigourny* v. *Drury*, 14 Pick. 387; *Austin* v. *Bustwick*, 9 Conn. 498; *Parker* v. *Merrill*, 6 Greenl. 47; *Greenleaf* v. *Quincy*, 3 Fairf. 11; *White* v. *Hale*, 3 Pick. 291; *Shelton* v. *Coke*, 3 Mumf. 191; *Smith* v. *Ludlow*, 6 Johns. 297; Collyer on Part. 3d Am. ed., p. 236, and note.

Mr. Greenleaf, in his note to sec. 113 of Greenleaf Ev., says that " other judges have viewed such admissions, not as going to create a new contract, but a new acknowledgment of a continued existence of a debt previously created,"

thereby repelling the presumption of payment by the lapse of time, and thus taking the case out of the operation of the statute of limitations; and he cites some of the above authorities, and various others.

This would seem to be the better doctrine; for it is not easy to see, if such acknowledgment is a new contract, as argued by Judge *Story*, why no new consideration is necessary to support it.

According to Judge *Story's* doctrine, although the debt is " extinct," and the " old consideration gone," requiring a new contract to give it vitality, still the original consideration, although " gone," is sufficient to support the new contract!

II. But this case does not present the naked question of the power of one partner, after a dissolution, and after a claim had been barred by the statute of limitations, to take the case out of the statute by his separate admission.

This claim was not barred by the statute at the time of the dissolution, nor when the acknowledgment, by a part payment, was made by Kimball. The payment on the first note, made January 20, 1844, and on the second note, made March 13, 1844, was within six years from the date of the notes, and the suit was brought within six years thereafter.

The case, then, stands upon the same ground as other admissions and declarations of one partner after the dissolution, in relation to any other copartnership matter or contract, made and in existence prior to the dissolution, (*Mann* v. *Locke*,) and is clearly within the principle of those cases which hold that an admission by one partner, before the statute has attached, is sufficient to bind the other partners. *Fisher* v. *Tucker*, 1 McCord's Ch. Rep. 175 ; 1 Greenl. Ev. note 3 to § 174.

It would seem to come, also, within the principle decided in *Smith* v. *Ludlow*, 6 Johns. 297, as recognized by Judge *Story* himself, in his opinion in *Bell* v. *Morrison*, that the partner making the promise might, in some cases, be the

agent to settle the affairs of the firm, and in that capacity make an acknowledgment which would avoid the statute of limitations.

The case finds that the debt was a partnership debt. That is admitted. It was a debt due when the firm of Kimball & Paige was dissolved, and the statute of limitations had not at that time, nor has it at any time, run against it. Kimball, by the terms of the dissolution, was made agent to pay the debts and close the affairs of the firm ; and Paige took a bond of indemnity to secure himself against all the debts of the firm, including, of course, the one in suit. If he is obliged to pay any of the debts of the firm, he has his remedy against Kimball, on his bond. It was a present, existing debt, which the firm were bound to pay, and it was clearly within the scope of Kimball's authority, as agent of the firm, to make the payments which he made on the notes, and thus prevent the statute of limitations from attaching to the debt. A payment in part is a sufficient acknowledgment of the debt to take the case out of the statute. *Jones* v. *Jones*, 1 Foster's Rep. 222. The plaintiff could have no separate remedy against Kimball. Both parties must be sued. *Cady* v. *Shepherd*, 11 Pick, 407, and *Mann* v. *Locke*.

If, then, the admissions of one partner, in relation to contracts made during its existence are binding upon the firm, and, as is said in *Mann* v. *Locke*, " the rule, in this respect, is precisely the same after a dissolution of the partnership as before," it is a little difficult to see how the admissions of Kimball, in this case, can constitute an exception to that rule. *Cox* v. *Bailey*, in Sup. Court of Georgia, reported in N. Y. Law Magazine, Jan. 1853.

*Pierce & Minot*, for the defendants.

WOODS, C. J. It is well settled that a partial payment of a debt, by a party who has contracted it, is a sufficient acknowl-

edgment of its existence, and of the paying party's liability in regard to it, to raise the inference of a new promise to pay it, and to prevent the operation of the statute of limitations. This is the doctrine of a great many cases. *Exeter Bank* v. *Sullivan*, 6 N. H. Rep. 124, and cases there cited.

It has been held, too, in conformity with that doctrine, that a partial payment by a third person, in the presence of the party primarily holden, and with his acquiescence and assent, has the same effect in preventing the operation of the statute. *Whipple, Adm'r.* v. *Stevens*, 2 Foster's Rep. 219.

The same doctrine applies to a payment made by a partner upon a debt of the firm, if made during the existence of the partnership. It is considered as the act of all the partners, and binds them all.

It is the doctrine of some jurisdictions that an acknowledgment or promise, by one of several co-promisers, has a like effect as it regards the others, and that, accordingly, a partial payment of one standing in that relation revives the debt against the others, and prevents the bar. Such payment or acknowledgment is regarded as continuing the original contract. But the law, in this particular, has been otherwise settled in this State. *Bank* v. *Sullivan*, 6 N. H. Rep. 124.

Here such joint contractor or co-promiser cannot, by an express promise even, bind his companion. The ground taken is, that there must be a new promise, either express or to be inferred from the acknowledgment of the indebtedness, by payment or otherwise, in order to take the case out of the statute; and it is quite clear that a party, having no power, either express or resulting clearly from his relations, to bind another by an original undertaking, has no power to make such new promise. In other words, there is nothing in the mutual relation of co-promisers that authorizes one to act for the other, in enlarging the scope and effect of his original undertaking. *Exeter Bank* v. *Sullivan*, ub. sup.

The present is the case of a payment by a partner, after

the dissolution of the firm. As between themselves, neither partner after that event, had any power to act for the other, in contracting any new engagement, so as to bind his former associate. Neither were they so capable, with respect to others with whom they had had previous dealings, who had received notice of the dissolution; nor with respect to those with whom they had not previously dealt as partners, at least after public notice of the dissolution, if at all.

But with respect to all with whom they had previously dealt as partners, and who had not actual knowledge of the dissolution, they were, in the eye of the law, still to be regarded as partners, capable of binding one another in matters within the scope of the business of the partnership.

The case under consideration is one where, as we understand it, there was no public notice of the dissolution, and no actual notice to the plaintiff. The question, then, is whether a payment made by a partner, after a dissolution has in fact taken place, but has not become known to the person to whom the payment is made, will have the effect of taking the case out of the operation of the statute as to the other partner. Or, in other words, is the payment such an acknowledgment of a subsisting debt, which the partners are liable and willing to pay, as will furnish competent evidence from which a promise by all the partners may be legally inferred?

And we are of the opinion that it has that effect. In such a case, a payment by one, is a payment by and for all the partners, so far as it regards their dealings with those to whom they have held themselves out as partners, and with whom they have dealt as such. They are, in law, to be regarded as such, until actual notice of the dissolution of the connection has been given.

And this principle is as applicable to the case under consideration as to other cases in which evidence is furnished of a promise by one partner in behalf of the firm. *Kenniston* v. *Avery,* Grafton, July T., 1844. By the previous deal-

ing of the firm with this plaintiff, each partner stood accredited with full power to act and to speak for the other, in regard to the proper business of the firm. The plaintiff, having had no notice that such power had been revoked or vacated, had an undoubted right to consider the act of one partner as the act of both, and to draw from it the same inferences that he might fairly and legally have drawn from it if both had been present approving or participating in it. Upon the case stated, therefore, there must be

*Judgment for the plaintiff.*