## DONLEY & ANDERSON V. W. H. CUNDIFF, ADMINISTRATOR, ETC.

1. Under the laws in force prior to the present Constitution, the county court, sitting in probate, had jurisdiction, under the one hundred and nineteenth section of the Act of March, 1848 (Paschal's Digest, Article 1380), of the complaint of an administrator against parties who withheld from him any papers belonging to the estate under his charge.

2. An absolute transfer of promissory notes by endorsement in blank for a legal consideration, although made to attorneys of the indorser's judgment creditors, as a means whereby the attorneys could collect the notes and discharge the judgments, divested the indorser of all property in or control over the notes; and therefore, after the death of the indorser, his administrator had no right to enforce a surrender of the notes to him by the attorneys. Such a transfer was to all intents a complete assignment to the attorneys as trustees for the benefit of the creditors; and it was not revoked or defeated by the subsequent death of the assignor. The attorneys, however, would be liable to the assignor's administrator, in damages, for any negligence on their part, by which the estate might have suffered loss; and, of course, they were also liable to the creditors.

APPEAL from Houston. Tried below before the Hon. L. W. Cooper.

The receipt of the appellants, as attorneys, referred to in the opinion, was made in April, 1861, to Jesse Duren, the intestate of the appellee. It recited that Duren indorsed the notes in blank, and covenanted that the appellants would bring suits on the notes against the makers of them, and against Duren as in-

dorser, and would apply the proceeds, when collected, to certain judgments against Duren. It expressed that the attorneys did not undertake that executions should not issue on the judgments if the plaintiffs should so direct; but that the attorneys agreed "to wait for a short time, for said Duren to arrange for a stay on said judgments, if he can so arrange."

In the district court this case was submitted to a jury upon special issues which involved inquiries into transactions which appear to have had no immediate relevancy to the particular claims assigned to the appellants by Duren. These features of the case complicated the proceedings below, and greatly augmented the record; but as they do not affect the rulings of this court, there is no occasion to give the particulars respecting them. In fact, the opinion of the court itself indicates sufficiently the nature of the case.

*M. A. Long*, for the appellants.—The first error assigned is in these words:

1. "The court erred in overruling the demurrer and exceptions of these defendants to the original and various amended petitions in this cause."

This assignment of error covers both the points I propose to discuss, namely, the jurisdiction of the court over the subject matter of the suit, and the right of plaintiffs to recover the notes in any court.

1. The probate court had no jurisdiction of the case, and of course the district court had none. "An appeal cannot confer upon the appellate court a jurisdiction which the court appealed from did not possess." (Baker *et al.* v. Chisholm *et al.*, 3 Texas Rep., 157.) "When a cause is taken by appeal to the district court, if the court *a quo* had no jurisdiction, the appellate court could have none." (Antonier v. The Governor,

1 Tex. Rep., 653.)  " Where the district court, having no jurisdiction of the subject matter of a suit, proceeds to hear the complaint and grant the relief, on appeal the Supreme Court will reverse the judgment, and dismiss the suit at the costs of the appellee."  (Roeser v. Bellmer, 7 Tex. Rep., 1.)

Articles 1334, 1373, Paschal's Digest, only provide for the manner of paying out the assets of the estate *pro rata* and vesting the estate in the heirs *sub modo*.  There is most obviously no statute giving the probate court power to entertain a suit like this, to recover from one holding and claiming, adversely to the estate, property claimed by the administrators.  That general jurisdiction rests only in the district court.  This is too plain for argument, and the appellee has attempted none on this point.

2. But if the district court had had jurisdiction of this cause, I propose to show that the plaintiffs' petition itself showed that Jesse Duren had parted, in his lifetime, with all his title, legal and equitable, to said notes, and if he had been living, could not have sued and recovered their possession from Donley & Anderson, after he had absolutely and unconditionally endorsed them in blank and delivered them to the attorneys of his judgment creditors, to be collected and applied, *pro tanto*, to the payment of the same.  This was as much an appropriation of these particular notes as if he had mortgaged them, before his death, to secure the payment of these outstanding judgments so held against him for collection by said Donley & Anderson. This is the plain and unambiguous terms and sense, and therefore the legal effect, of this contract or receipt. The assignment or endorsement in blank passed the legal title, and he agreed to be sued and held liable on the same ; and when he delivered them to the attorneys

of these judgment creditors (Donley & Anderson), he required them to stipulate, in writing, to endeavor to collect them, and after retaining a fee of ten per cent., to apply the balance towards the payment of these judgments. Nothing can be plainer to a legal mind than that, if there had been no change of legal title by actual endorsement, still this transfer to the attorneys of his creditors, with this agreement on the part of the agents or attorneys, amounted to an equitable assignment to those creditors, and was and is altogether irrevocable. All title had passed from Duren by actual endorsement, declared to be absolute and unconditional. It is idle, therefore, to contend, as do the appellees in their brief, that the death of Duren revoked the powers of Donley & Anderson. That argument is doubtless made upon the idea that defendants were only the agents and attorneys of Duren, to collect these notes for him. This contract or receipt, to which Duren is a party, and as much bound as those from whom he exacted its execution, shows a totally different state of facts. The law on these points is well stated in 1 Caines' Cases (N. Y.) 15, 363; 3 Johns. Rep., 71; 12 Johns. Rep., 346, 347; 5 Cow. Rep., 376. And the death of Duren makes no difference. (24 Wend. Rep., 240.)

To constitute an equitable assignment of a particular fund in payment of a debt, there must be more than a mere agreement to pay out of the fund. There must be some appropriation of the fund, either by giving an order upon it, or by transferring in such a manner that the holder would be authorized to pay it to the creditor directly, without the further intervention of the debtor. This is the distinction between the mere contract to pay out of certain funds, and an appropriation which courts of equity will uphold as an equitable assignment. (3 Hare, 39; 3 Paige, 373; 5 Paige, 632; 18 Wend. Rep..

319; 3 Barbour, 262.) In the case at bar, the notes in question were not only placed in the hands of the creditors' attorneys, with a written obligation on their part to apply the proceeds, when collected, towards the payment of the debts, but there was also an assignment by endorsement, in the ordinary commercial mode, declared to be absolute and unconditional. If this did not divest Jesse Duren of all title to these notes, I confess myself at a loss to know how that effect could have been produced; and as his administrators cannot have any greater right or interest in the notes than he had when he departed this life, their present claim is groundless, not to say absurd.

If either of these points is sustained by the court, it follows as a consequence that there is no need of investigating the other questions involved in the assignment of errors. I submit, therefore, that the judgment be reversed, and the cause dismissed; because, in the first place, neither the probate court nor the district court had jurisdiction to try the same; and, in the second place, because Jesse Duren, in his lifetime, "absolutely and unconditionally" endorsed and signed away these notes, as collateral, to be applied, when collected, towards the payment of certain named judgment creditors.

*T. T. Gammage*, for the appellee.—This action was brought by W. H. Cundiff, administrator of estate of Jesse Duren, deceased, in probate court of Houston county, Texas, by petition filed under Section 119 of the probate law then in force, which recites that:

"When complaint shall be made in writing to any chief justice, that any person has the last will of any testator or testatrix, or any papers belonging to the estate of any testator or intestate, said chief justice

shall cause such person to be cited to appear before him, either in term time or in vacation, and show cause * * * or why he should not deliver such papers to the executor or administrator; and upon the return of such citation served, unless such will or papers are so delivered, or good cause shown, etc., * * * may cause him to be arrested and imprisoned until he so delivers them." (Pas. Dig., Art. 1380.)

In Miller v. Jasper, 10 Texas, 516, 517, this question is discussed at length by the learned Chief Justice Hemphill, and the rights of administrators under Section 115, Article 1376, and Section 119, article above quoted, of act of 1848, as is also Section 15 of Article 4 of the Constitution, in which decision the Supreme Court holds that "upon complaint filed, the chief justice (of the county court) is authorized to cause any person, including former administrators, to appear before him, in term time or in vacation, and deliver up any papers, including evidences of debt, etc., which he may have in his possession belonging to the estate, or show cause to the contrary." (Miller, Administrator, v. Jasper, 10 Texas, 516, 517.)

"It will be perceived that the terms in which the power is granted are very general, embracing all persons having papers of an estate in their possession, without distinction or regard to the place of domicile of such person." (Pierpont v. Threlkeld, 13 Texas, 245.)

These authorities, I deem, answer effectually the arguments of appellants in support of their first error assigned, and their plea or exceptions to the jurisdiction of the probate court of Houston county.

This action was not brought, as appellant seems to suppose, by his arguments on page 6, printed brief, under Articles 1334 and 1373, but under and by author-

ity of the articles above cited, Sections 115 and 119, of the act of 1848, which clearly give to the probate court jurisdiction; and if, under the above quoted authorities, the court had the right to imprison the defendants for not delivering the papers, etc., it certainly must enter its decree or judgment, vesting the title and right of possession to such papers in the administration.

In answer to the appellants' argument, that the notes named in the receipt copied in transcript, "Exhibit O," were the property of Donley & Anderson, by the terms of the receipt by them given to Duren, we respectfully submit that the notes were, by the terms of the contract, only delivered as collaterals and in trust, to be collected by them, and proceeds applied to the payment of certain debts, which not being done by appellants before the death of Duren, his decease operated as a revocation of the trust, and the right of possession inured to his administration.

This power, entrusted to Donley & Anderson by Jesse Duren, on April 6, 1861, was not by them strictly executed, and with such industry as is required by law; but by their laches they forfeited their claim to the possession of the notes, and especially so, coupled with the death of the grantor Duren. In support of this we might cite many authorities, one of which we deem sufficient, viz.: Crosby v. Huston, 1 Texas, 226; and Story on Agency, p. 45.

*D. A. Nunn*, also for the appellee, filed an able argument, principally devoted to the facts of the case.

OGDEN, J.—This suit was originally instituted by the appellee in the County Court of Houston county, against the appellants, to recover certain notes which appellee's intestate had, during his lifetime, transferred

and assigned to appellants for a specified purpose.  A decree was entered in the county court in favor of appellee, and the appellants appealed to the district court.  In the district court, both plaintiff and defendants amended their pleadings, and the cause was submitted to a jury upon several special issues ; and upon the verdict of the jury, judgment was entered up for the plaintiff below, and the defendants have appealed to this court.  We do not deem it necessary to notice the many questions raised in the court below, nor the several supposed errors set out in the assignment in this court, as most of them are believed to be wholly irrelevant to the true issue in this cause.

There is, however, one question raised in the lower courts, and contended for with much zeal in this court, which, under the laws in force at the institution of this suit, was of the first degree of importance to the interest of estates of deceased persons.   The petition or complaint originally filed in the county court presented a case fully authorizing the county court, under Article 1380, Paschal's Digest, to take cognizance of the matter. There can be no doubt that under that clause of the statute, where the administrator made complaint in writing that any person had papers belonging to the estate he represented, and refuses to give them up on demand, it was the duty of the court to take cognizance of the matter ; and it made no difference how that person became possessed of the papers, or what those papers were, so that they *belong* to the estate and were valuable to it.   We are, therefore, of the opinion that the county court very properly took cognizance of the original complaint, filed in this cause.   And, therefore, if the administrator established the fact that the notes set out in his complaint were the property of the estate of Jesse Duren, and that the appellants in this court

had refused to surrender the same on demand, then the judgment of that court was correct and should have been sustained. And as the cause was appealed to the district court, the same rules of law should have determined the decree in that court.

The only question, then, which should have been determined in the county and district courts, was, did the notes described in the administrator's complaint legally belong to the estate of Jesse Duren?

It appears by the receipt of appellants, which was made a part of the amended petition in the district court, and which is the foundation of this action, that in 1861 Jesse Duren transferred, by his indorsement in blank, a large number of promissory notes to appellants, for the payment and satisfaction of certain judgments, which the appellants, as the agents and attorneys of other parties, had obtained against the said Jesse Duren in the district court of that county. This transfer, by the indorsement in blank and delivery of the notes, and by the express terms of the receipt, was absolute; and the indorser thereby lost all control or legal property in the same, and the appellants thereby became the trustees of Duren's judgment creditors. They accepted the trust, and agreed to collect the notes so transferred with due diligence, and to pay the money, when collected, to the judgment creditors, as specified in the receipts. This was to all intents and purposes a complete assignment to trustees for the benefit of certain specified creditors; and by indorsing the notes, Duren himself became liable to be sued by the trustees upon the notes thus assigned; and instead of reserving any interest in or rights over the same, he might, if still living, have been compelled to pay the entire amounts of the notes and interest to the trustees, for the benefit of his creditors; and even his administrator is now liable

to be sued on these notes in the hands of the trustees. The assignment or transfer having been for a valuable consideration and absolute, the assignor lost all property in the notes, and could not, if living, have recovered them again from the assignee. It is true that he still had an equitable interest in the money when collected, or rather in having the same paid over to his judgment creditors, in order to the cancellation of his obligations to them; and had the assignees or trustees failed to perform the duties of their trust in any particular, they might have been held responsible by the assignor or his representative, or by the creditors for whose benefit the assignment was made. That an assignment of this character is irrevocable and absolute, and passes all property in the thing assigned, we think the authorities are quite uniform. (1 Parsons on Contracts, 226–230; Story's Eq. Jurs., 1039–1040; McMenomy v. Ferrers, 3 Johns., 72; Caufield v. Monger, 12 Johns., 346; Taylor v. Bates, 5 Cowen, 377; Nicolet's Administrator v. Pillot, 24 Wend., 240.)

Mr. Parsons says, that where the assignment passes the property to the assignee, the death of the assignor will not defeat the assignment. We are, therefore, of the opinion that the transfer or assignment by Jesse Duren to appellants passed the property in the notes assigned absolutely and irrevocably, and that the death of the assignor did not defeat the assignment. And if not, then the administrator could not maintain his suit for the notes so transferred and assigned; and that, therefore, the court erred in overruling the exceptions of the defendants to the petition of plaintiff, as that did not set out a good cause of action.

It may be proper to remark, that while the administrator cannot, under the receipt set out in his petition, maintain a suit for the possession of the notes, yet he

has a right to see that the assignees perform their whole duty as trustees; and should they fail to use diligence in the collection of the notes, or fail to pay over the money, when collected, to the creditors for whose benefit the assignment was made, and thereby cancel the liability of the estate he represents, then they may be liable in damages or otherwise to the estate, or to the creditors of the estate.

For the erroneous ruling of the court, the judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.