**GOLDEN ROD OIL CO. NO. 1 et al. v. NOBLE, Liquidating Agent, et al. (No. 9657.)**

(Court of Civil Appeals of Texas. Fort Worth. June 4, 1921. Rehearing Denied July 2, 1921.)

1. **Appeal and error ⬅⟶724(4)—Reasons given under assignment of error to support it not part of assignment.**

The reasons given to support an assignment of error may be good or bad without in any way affecting the sufficiency of the assignment itself.

2. **Assignments for benefit of creditors ⬅⟶248 —Purchasers from assignee not required to see to application of payments.**

Purchasers of an oil lease from the assignee bank, which took the assignment of the lease as collateral security for creditors, were not required to see to the application of the proceeds of sale to the payment of the assignor's debt to the bank.

3. **Assignments for benefit of creditors ⬅⟶261 —Assignee or trustee may be held responsible by assignor or creditors.**

If the assignee or trustee fails to perform the duties of his trust, he may be held responsible by the assignor, or by the creditors for whose benefit the assignment was made.

4. **Assignments for benefit of creditors ⬅⟶240 —Valid assignment places title to property in assignee.**

A valid assignment as security for creditors places title in the assignee for the purpose of

the trust, and acceptance of the assignment by the assignee or trustee authorizes him to sell the property or so much of it as is necessary for the payment of the assignor's debts.

**5. Assignments for benefit of creditors ⬅=217 —Valid assignment not invalidated by trustee's neglect.**

A valid assignment for the benefit of creditors cannot be rendered invalid by the subsequent neglect of the assignee properly to discharge his duties under the assignment.

**6. Evidence ⬅=80(1)—Presumption of identity of law of other state with that of forum.**

The court must presume that the law of Oklahoma is the same as that of Texas in the absence of proof to the contrary.

**7. Evidence ⬅=373(6)—Copy of letter from Oklahoma bank commissioner appointing plaintiff liquidating agent for bank admissible.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3696, copy of letter signed by the bank commissioner of Oklahoma. to plaintiff, appointing him liquidating agent for a defunct bank, *held* admissible when supported by affidavit purporting to be signed by the bank commissioner that the letter was a true and correct copy of the appointment of plaintiff as liquidating agent.

**8. Appeal and error ⬅=889(3)—Petition of liquidating agent of insolvent bank treated as amended to make state of Oklahoma party plaintiff.**

Though suit to collect a note which the bank commissioner of Oklahoma has taken over as part of the assets of an insolvent bank should be brought in the name of the state on the relation of the bank commissioner, where the suit is brought in the name of the liquidating agent appointed by the commissioner to take charge of the affairs of the bank, and no one can be prejudiced, the petition will be treated as amended to make the state of Oklahoma the party plaintiff.

**9. Banks and banking ⬅=63½—Suit of liquidating agent held not both on negotiable instruments and on settlement contracts.**

Suit of the liquidating agent of an insolvent Oklahoma bank for debt and foreclosure of an alleged lien on an oil and gas lease *held* not on a promissory note and drafts executed and drawn by the defendant and also on an agreement in an accord and satisfaction settlement, in violation of plaintiff's inability to sue both on the instruments of liability and on the contracts attached to his petition.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by Charles F. Noble, liquidating agent, against E. P. Pumphrey and another, wherein the Golden Rod Oil Company No. 1 and others intervened. From judgment for plaintiff against the named defendant and the interveners, etc., such defendant and the interveners appeal. Judgment reversed and rendered in part, and affirmed in part.

Cooke-Dedmon & Potter, of Fort Worth, and Scurlock & Dale, of Wichita Falls, for appellants.

Carrigan, Montgomery, Brittain & W. J. Townsend, of Wichita Falls, for appellees.

BUCK, J. This suit was instituted April 29, 1919, by Chas. F. Noble, as liquidating agent of the Citizens' State Bank of Tulsa, Okl., against E. F. Pumphrey and the American National Bank of Tulsa, Okl., for debt and foreclosure of an alleged lien upon a certain oil and gas lease on 10 acres of land situated in Wichita county.

By amended petition, filed September 13, 1920, plaintiff alleged that E. F. Pumphrey was indebted to the Citizens' State Bank as surety on a certain note for $1,500, with interest and attorney's fees, payable to the Citizens' State Bank, and signed by Carrol York, and upon two certain drafts drawn by E. F. Pumphrey, payable to the order of the Citizens' State Bank, one for $3,331.42, drawn upon F. A. Fuller, Denver, Colo., and the other for $4,110.32, drawn upon W. G. Alcock, Chanute, Kan. He alleged, further, that since said indebtedness was incurred the Citizens' State Bank had become insolvent, and the assets of said bank had been turned over to the authorities of the state of Oklahoma and delivered to plaintiff as liquidating agent for said bank, and the plaintiff was entitled to receive all assets of the said bank and to collect all indebtedness due said bank, etc.; that on or about February 27, 1919, the defendant E. F. Pumphrey was the owner of the 10 acres of land in Wichita county, hereinabove mentioned, and that on said last-mentioned date said Pumphrey was indebted to the American National Bank of Tulsa, Okl., in some sum of money, the amount of which was unknown to plaintiff, and that on said date defendant Pumphrey and the American National Bank and the Citizens' State Bank of Tulsa, Okl., entered into a valid and binding agreement, under the terms of which Pumphrey transferred and assigned to the American National Bank of Tulsa, Okl., all his leasehold estate and interest in and to the above-described 10 acres of land; that said assignment was absolute on its face, but in truth and in fact it was intended by said assignment to secure the defendant American National Bank and the said Citizens' State Bank in the payment of the indebtedness due by the said defendant E. F. Pumphrey, to them, and that it was understood by all parties to the contract that the American National Bank would take said assignment in its name, hold, handle, and dispose of the same for the mutual benefit of all three of said parties; that, in the event that said lease should be sold by the American National Bank, the proceeds of the sale thereof should be divided between the American National Bank and the Citizens'

⬅=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

State Bank in proportion to the amount of indebtedness held by each respectively against said Pumphrey; that since the failure of the Citizens' State Bank, and the appointment of the plaintiff as liquidating agent thereof, the American National Bank had repudiated its said agreement with the Citizens' State Bank and the defendant Pumphrey, and was now denying that the Citizens' State Bank of Tulsa is entitled to any rights, interest, equity, or benefit by reason of said lease and leasehold estate, and its assignment to defendant American National Bank, and that said American National Bank was now making an effort to dispose of said lease, and that it will dispose of said lease for a large sum of money, all of which will be appropriated by the American National Bank, in violation of the rights, interest and equities of the plaintiff as liquidating agent for the Citizens' State Bank. Plaintiff further alleged that, by reason of the facts hereinabove mentioned, he is the owner and holder of an equitable lien to secure the indebtedness above set out, and is entitled to a foreclosure of said lien as against the defendant Pumphrey and the American National Bank, and is entitled to have said lease and leasehold estate sold, and to have the proceeds apportioned between the American National Bank and the plaintiff, as their interests may appear. Plaintiff further alleged that Pumphrey still owns the equitable title to said lease, held by the American National Bank, subject only to the lien created by virtue of the assignment executed on February 27, 1919. Plaintiff alleged in its amended petition that on or about May 23, 1919, defendants were claiming an offset against the Citizens' State Bank, and the right to collect damages against it in the sum of approximately $1,500 for alleged negligence of said bank in failing to collect for it certain drafts and other sums of money, and that plaintiff was insisting that defendants were due and owing to him the sums of money hereinabove set forth, and that the defendant Pumphrey and plaintiff, on May 23, 1919, entered into an agreement whereby Pumphrey acknowledged that he owned the plaintiff the sum of $9,749.58, and agreed to pay into the registry of the district court of Wichita county said amount in cash within 45 days from the date of the agreement; that said agreement was in writing, and signed by both parties, and it further provided that out of the $9,749.58, which Pumphrey agreed to deposit in the district court, he should be paid the sum of $1,339.20, in satisfaction of his claim for negligence against the Citizens' State Bank in failing to forward in due course a certain draft for the sum of $6,672.30, drawn on one Ed L. Reed, of Blackwell, Okl.; that it was further agreed in said written contract of settlement that Pumphrey claimed that the American National Bank of Tulsa while in possession of the paper involved in the suit collected interest due on said paper in the sum of $626.05, and that said paper was not credited with such interest payments, and that Pumphrey was entitled to a credit of said amount, and that he would endeavor to collect said amount from the said American National Bank; but that, if he should not be able to collect said amount from the American National Bank, he would be entitled to a repayment of said sum out of the moneys placed in the registry of the court.

Pumphrey filed his answer to the amended petition of the plaintiff on September 13, 1920, and pleaded a general demurrer, and specially excepted to said petition on the ground that plaintiff was therein seeking to recover on the note for $1,500 and the two drafts heretofore mentioned, and also on the agreement of satisfaction and settlement entered into between Pumphrey and plaintiff on May 23, 1919; that plaintiff could sue either upon the instruments of liability or upon the contract of settlement, but not upon both. He specially excepted to the claim of $1,500 surety debt for Carroll York, because it did not appear that the principal upon said note had been sued, nor was he joined as a party defendant in plaintiff's petition. He denied all the allegations of plaintiff's petition, and specially pleaded that defendant was the owner of a one-half undivided interest in the oil and gas lease on the 10 acres of land in Wichita county, and that C. H. and C. Q. Thorp owned the other one-half interest; that on or about February 27, 1919, the American National Bank, through W. L. Propst, cashier, entered into an agreement with defendant, by which defendant made an assignment of said oil and gas lease to the American National Bank, absolute on its face, but that the American National Bank contracted and agreed in writing with defendant that, if defendant did not sell said lease within 30 days after February 27, then the American National Bank had the power to sell said lease at private sale for the best price obtainable, and apply the proceeds, first, to the payment of the interest of C. H. and C. Q. Thorp; second, to the payment of $10,500 and interest, approximately $11,000, to the Interstate Pipe Company of Tulsa, Okl., and the balance, if any, to the American National Bank in satisfaction of what was known as the "Transit Account," which account included items claimed by plaintiff to be owing to the Citizens' State Bank; that the American National Bank did not sell said lease for cash, but conveyed and sold the same to the Golden Rod Oil Company No. 1 and the Golden Rod Oil Company No. 2, accepting and receiving therefor the sum of approximately $90,000 in stock of the said two companies, and that said American National Bank by its cashier, W. L. Propst, organized the two said companies for the purpose of realizing as much as possible from the

said lease, and the said Propst became one of the trustees of said two companies, and that the stock was delivered to him and the other trustees, and sold by them, as far as possible, to the public; that with the proceeds of said sale the said Propst, acting for the American National Bank, paid the sum of $12,000 to C. H. and C. Q. Thorp, and approximately $11,000 to the Interstate Pipe Company of Tulsa, and the balance of $33,000 was paid to the American National Bank in full liquidation of all indebtedness owed by Pumphrey to said bank and to the Citizens' State Bank, which plaintiff claimed to represent. Defendant Pumphrey alleged that the American National Bank had been guilty of negligence in the sale of the lease, and had sold the lease for less than the market value, for which he claimed damages in the sum of $40,000.

The Golden Rod Company No. 1 and the Golden Rod Company No. 2, hereinafter called interveners, intervened in said suit, alleging that they were organized on or about May 4, 1919, to purchase the oil and gas lease described in plaintiff's petition, which property at said time was involved in numerous claims, litigations, and liens; that prior to the purchase of the property by the interveners Pumphrey had made an assignment, at least absolute on its face, to the American National Bank, and the interveners purchased the property from said bank, paying therefor approximately the sum of $45,000, $12,000 to C. H. and C. Q. Thorp, $10,500 to the Interstate Pipe Company, and the balance to the American National Bank in payment of the amount due said bank on its transit account, said payments being made in compliance with the agreement between Pumphrey and the American National Bank and the Citizens' State Bank, under the assignment; that said agreement provided that the American National Bank should have full right and authority to convey the property at private sale, and that said bank did so convey it to the interveners. They further pleaded, in the alternative, that in case it should be held that the American National Bank did not have authority to convey a title, stripped of any lien in favor of the Citizens' State Bank, that interveners in good faith paid off and discharged the rights and liens held by the Thorps and the Interstate Pipe Company and the $33,000 paid to the American National Bank, and that therefore they were entitled to be subrogated to the rights of said lienholders. They further pleaded that the suit of the plaintiff cast a cloud upon the title of their property and that said cloud should be removed. Both the interveners and Pumphrey alleged that the agreement between Pumphrey and the plaintiff was without consideration and void.

Plaintiff filed a supplemental petition to Pumphrey's answer, and further pleaded that on April 29, 1919, a lis pendens notice of this suit was filed in the office of the county clerk.

Upon a trial before the jury the court gave a peremptory instruction for the plaintiff against the defendant E. F. Pumphrey for $810.38, and for a foreclosure of an equitable lien against the oil and gas lease in controversy, against Pumphrey and the interveners, and instructed a verdict against the defendant Pumphrey and interveners on their cross action. From a judgment upon the verdict returned, the defendant Pumphrey and interveners have appealed.

Interveners' first assignment of error is as follows:

"The court erred in overruling interveners' motion for peremptory instruction in favor of interveners, for the reason set out in said motion, which said motion was as follows, to wit:

"First. The evidence shows that the plaintiff claiming a lien under an assignment made by Pumphrey to the American National Bank, being a voluntary assignment for the benefit of certain creditors, which assignment empowers the American National Bank as trustees to negotiate and sell said lease at private sale, which said American National Bank did to these interveners, and the said Noble is bound by said act of the American National Bank.

"Second. That citation in the case was not served upon any of the defendants until December, 1919, and the lis pendens was only effective from the date of the service of citation upon the defendants under the authorities.

"Third. Because there is no evidence that the plaintiff has or is entitled to any lien.

"Fourth. Because the suit at the time of the purchase of said property was upon certain assets of the Citizens' State Bank of Tulsa, Oklahoma, alleged to be defunct, and said assets were the property of the state of Oklahoma, and suits on same under the laws of Oklahoma can only be brought in the name of the state, on the relation of the Banking Commissioner or the Attorney General.

"Fifth. That, after the purchase of said property by the interveners, the plaintiff entered into an agreement which E. F. Pumphrey without the knowledge or consent of interveners, which agreement is sued upon herein, and not the obligations in the original suit, and the evidence conclusively shows that there is no liability upon the obligations originally sued upon.

"Sixth. The lis pendens is insufficient because it does not state the name of the party plaintiff in the capacity in which he sues, nor does it set forth the cause of action as alleged in the petition sued upon; does not state the number of the suit; was not indexed and cross indexed; that there was no citation on defendants.

"Seventh. Because the plaintiff has wholly failed to show any cause of action against interveners for the foreclosure of the said lien."

The second assignment attacks the action of the court in giving a peremptory instruction for the plaintiff and against the interveners.

These two assignments are treated together.

[1] Appellees object to the consideration of

the first assignment on the ground that it is multifarious. The complaint made in the assignments is first, in the failure of the court to give the peremptory instruction for interveners; and, second, in the action of the court in giving a peremptory instruction in favor of the plaintiffs against the interveners. The reasons given under the first assignment to support it are no part of the assignment itself. The reasons given may be good or bad, without in any way affecting the sufficiency of the assignment itself. See M., K. & T. Ry. v. Washburn, 184 S. W. 580, writ of error refused; City of Fort Worth v. Burton, 193 S. W. 228; Bank v. Fuller, 191 S. W. 830, writ of error refused; Hess et al. v. Turney, 109 Tex. 208, 203 S. W. 593; M., K. & T. Ry. v. Patterson (Com. App.) 228 S. W. 119. Hence the objections to the consideration of these two assignments are overruled.

[2, 3] The assignment by E. F. Pumphrey to the American National Bank is dated February 27, 1919, and conveys to the American National Bank all of Pumphrey's title and interest in the lease upon the land described, which, assignor states that he has title to and right to convey. There is no limitation in the instrument itself upon the assignee's right to sell, use, or dispose of the lease therein conveyed. The assignee made a written statement on the same day that the assignments were made, in which it agreed that Pumphrey had executed the assignment as a mortgage and collateral to secure the bank for certain debts due by him to the bank, including the indebtedness to the Citizens' State Bank; that the assignee would allow Pumphrey 30 days in which to try to sell said oil and gas lease, and if during that time he could find a purchaser therefor at a consideration satisfactory to him and sufficient to pay the indebtedness which the assignment was made to secure, then the bank would execute a formal assignment of said lease to the purchaser, accounting to Pumphrey for any balance that might be due him; that if Pumphrey could not sell the lease within the 30 days, then the bank should sell the same, and pay out of the proceeds the indebtedness due by Pumphrey to the Interstate Pipe Company, and pay the two Thorps for their interest in the lease. This last instrument does not appear to have been filed for record, but, even if the interveners had notice thereof, we do not think that it in any way restricts or limits the American National Bank in the sale of the lease after the 30 days allowed Pumphrey to sell. It is established by uncontradicted evidence that Pumphrey did not find a buyer for the property within 30 days. The interveners in purchasing the property were not required to see to the application of the proceeds to the payment of plaintiff's debt. If the American National Bank, even though it be held to be a trustee in the matter, did not apply the payments made to it by the interveners pro rata to the debts owing the Citizens' State Bank, then plaintiff would be limited to an action against the American National Bank for misapplication of the funds so received, and to a judgment against Pumphrey. We do not see how, under the evidence, it could be legally held that plaintiff was entitled to a foreclosure of an equitable lien on the lease in question, and in our judgment the interveners were entitled to the peremptory instruction asked. If the assignee or trustee fails to perform the duties of his trust, he may be held responsible by the assignor or by the creditors for whose benefit the assignment was made. Donley et al. v. Cundiff, 35 Tex. 750; Gibson v. Gray, 17 Tex. Civ. App. 646, 43 S. W. 922; Hudson v. Willis, 65 Tex. 694, 699; Wynne v. Simmons Hdw. Co., 67 Tex. 40, 1 S. W. 568.

[4, 5] A valid assignment places the title to the property in the assignee for the purpose of the trust. Allen v. Willis, 60 Tex. 155; Tittle v. Vanleer, 89 Tex. 174, 29 S. W. 1065, 34 S. W. 715, 37 L. R. A. 337. The acceptance of the assignment by the assignee or trustee authorizes him to sell the property, or so much of it as is necessary, for the payment of the debts. 2 R. C. L. p. 674, § 31, and page 710, § 61. A valid assignment for the benefit of creditors cannot be rendered invalid by the subsequent neglect of the assignee to properly discharge his duties under the assignment. Hicks v. Copeland, 53 Tex. 581, 37 Am. Rep. 760. In the last-cited case our Supreme Court held that, where the instrument authorized the assignee to sell for cash or on credit, such a provision was but a badge of fraud, and did not render the conveyance void. But in the instant case all parties pleaded that the American National Bank was paid the sum of $33,000 out of the proceeds of the sale of the stock in the companies of the interveners, after paying other mentioned creditors the amounts of their claims, and it does not appear that such sums were not sufficient to satisfy the indebtedness of Pumphrey to the American National Bank and to the Citizens' State Bank.

This conclusion is independent of the attack made by the interveners on the sufficiency of the lis pendens notice filed on April 29, 1919. Said notice reads as follows:

"Chas. F. Noble, Plaintiff, v. American National Bank of Tulsa, Oklahoma, and E. F. Pumphrey, Defendant.

"Suit pending in the District Court of Wichita County, Tex. Filed 29th day of April, A. D. 1919.

"Notice is hereby given that the above entitled and numbered cause is now pending in the district court of Wichita county, Texas, wherein Chas. F. Noble is plaintiff and American National Bank of Tulsa, Oklahoma, and E. F. Pumphrey are defendants, and numbered 6670 on the docket of said court.

"Said suit is for the sum of $8,921.73 alleged to be due and owing by the defendant E. F. Pumphrey to plaintiff upon a certain promissory note and two drafts aggregating the said sum of $8,921.73, with legal interest thereon until paid, executed by said defendant E. F. Pumphrey, payable to the order of Citizens' State Bank of Tulsa, Oklahoma, and foreclosure of the equitable lien in and to an oil and gas lease covering ten acres of land out of block No. 75, Red River Valley Lands, being the south half of the southwest one-fourth of the southeast one-fourth, and the northwest one-fourth of southeast one-fourth, of block No. 75, Red River Valley Lands subdivision, which oil and gas lease was assigned by the defendant E. F. Pumphrey to the defendant American National Bank of Tulsa, Oklahoma, on or about the 27th day of February, 1919, for the purpose of securing the American National Bank and the Citizens' State Bank of Tulsa, Oklahoma, for certain indebtedness due by the said defendant E. F. Pumphrey to said bank. Plaintiff alleges that he is now the owner and holder of the indebtedness sued upon as liquidating agent of said Citizens' State Bank of Tulsa, Oklahoma."

Interveners urge that article 6838, V. S. Tex. Civ. Statutes, requires said notice to be indexed, both direct and reverse, under the names of each and all parties to the suit; and that article 6837 of our statutes provides that the notice shall set forth "the number and style of the cause, the court in which it is pending, the names of the parties thereto, the kind of suit, and a description of the land affected"; that the notice in this case was not indexed, did not describe the cause of action, and did not give the correct number of the suit. The number of this cause is 6700, while the number given in the notice is 6670. Doubtless, if interveners, before their purchase, had gone to the district clerk's office to see if cause No. 6670 in any way affected the title to the lease which they were purchasing, they would have found a case that had no reference to the lease which they were intending to purchase.

Other objections are urged to the sufficiency of the lis pendens notice, which we will not take time to discuss.

Appellant Humphrey's first assignment is that the court erred in peremptorily instructing a verdict for plaintiff against defendant because the evidence showed no liability of defendant to plaintiff as liquidating agent, and the pleadings and evidence showed all of said indebtedness had been paid. The first proposition under this assignment is that—

"The evidence showing conclusively that the indebtedness sued upon was the property of the state of Oklahoma, and that suits thereon under the laws of the state of Oklahoma must be brought in the name of the state of Oklahoma, the court erred in directing a verdict against appellant and in favor of the appellee."

The right of the plaintiff to prosecute this suit was partly based on the testimony of

233 S.W.—34

E. A. Gipson, a practicing attorney of the state of Oklahoma for nine years, and formerly an attorney of the State Banking Board, who testified that for the collection of paper of a bank, which had been closed by order of the banking board or the courts, suit must be brought by the Banking Commissioner or the Attorney General; that they must be brought in the name of the state of Oklahoma, on the relation of either the Banking Commissioner or the Attorney General; that as soon as the board takes over the assets they become, under the law, the property of the state. Plaintiff offered a letter purporting to be signed "Fred G. Dennis, Bank Commissioner," to Chas. F. Noble, appointing him liquidating agent for the defunct Citizens' State Bank of Tulsa, Okl., and a certificate purporting to be signed by Dennis that said letter was a true and correct copy of the appointment of said Noble as said liquidating agent. Interveners objected to the introduction and evidence of this letter and its accompanying certificate, and present an assignment of error thereto, and the appellant Pumphrey adopts certain assignments contained in the interveners' brief, including the sixth.

Article 3696, V. S. Tex. Civ. Statutes, provides that:

"It shall be the duty of the Secretary of State, Attorney General, Commissioner of the General Land Office, * * * Commissioner of Insurance and Banking, and State Librarian, to furnish any person who may apply for the same with a copy of any paper, document or record in their respective offices, and also to give certificates, attested by the seal of their respective offices, certifying to any fact or facts contained in the papers, documents or records of their offices, to any person applying for the same; and the same shall be received in evidence in all cases in which the originals would be evidence."

[6, 7] Presuming that the law of Oklahoma is the same as that of Texas, which we are required to do in the absence of proof to the contrary, the copy of the letter signed by Fred G. Dennis and his certificate thereto were properly admitted in evidence. E. J. Franklin witness for plaintiff, testified:

"I know Fred Dennis. He is State Banking Commissioner of Oklahoma. I know his signature. The two documents presented were signed by Fred G. Dennis."

There was no objection to the admission of the certificate because of the absence of the seal.

[8] In Bailey v. Lankford, 54 Okl. 692, 154 Pac. 672, the Supreme Court of Oklahoma held that a suit to collect a note which the Bank Commissioner had taken over as part of the assets of an insolvent bank should be brought in the name of the state on the relation of the Bank Commissioner; but where suit is brought in the name of the Bank Commissioner, and no one can be preju-

diced thereby, the petition will be treated as amended in the Supreme Court. Following Dolezal Co. v. Bostick, Co. Atty., 41 Okl. 743, 139 Pac. 964. Since in the instant case plaintiff appears to have represented the Bank Commissioner, and through him the state of Oklahoma, and it does not appear that any injury will result to the state of Oklahoma, the insolvent Citizens' State Bank, or defendants by our following the precedent set by the Oklahoma Supreme Court in the above case, we will overrule defendant Pumphrey's first assignment of error.

[9] We also overrule his third assignment, which alleges that plaintiff's suit was upon a certain promissory note and drafts executed and drawn by defendant Pumphrey, and also upon an agreement in an accord and satisfaction settlement, that plaintiff must sue either upon the instruments of liability or upon the contracts attached to his petition, but not upon both. While plaintiff did allege the signing of the York note by defendant as indorser, and the drawing of certain drafts on the Citizens' State Bank, yet in the trial petition he alleged that an agreement had been entered into between him and defendant, in which defendant acknowledged that he owed the amount sued for, and plaintiff alleged that as a part of said agreement he (plaintiff) made certain concessions. We think this assignment should be overruled as well as the second. While the defendant Pumphrey and the plaintiff might have been entitled to a judgment over against the American National Bank of Tulsa, yet neither assigns error to the failure of the court to render such judgment.

The judgment of the trial court as to the issues between plaintiff and the Golden Rod Oil Companies Nos. 1 and 2 is reversed, and judgment here rendered for such companies. The judgment as to the controversy between the plaintiff and the defendant Pumphrey is affirmed.

Judgment reversed and rendered in part, and affirmed in part.